## Corry Water Supply Co. v. Farmers Loan and Trust Company, Trustee, etc.

*Walter L. Peake*, for plaintiff.

*Brooks, Curtze & Silin*, for defendant.

EVANS, P. J., April 6, 1950.—This matter is before us on preliminary objections to defendant's answer in an action brought to secure an order of satisfaction on a mortgage.

On October 1, 1895, plaintiff executed a mortgage in the amount of $100,000 to the Farmers Loan and Trust Company as trustee for the holders of bonds accompanying the mortgage. These bonds were 100 in

number and of the denomination of $1,000 each. The first 11 coupons attached to these bonds, maturing between April 1, 1896, and April 1, 1901, were paid by plaintiff through the trustee. Subsequently thereto plaintiff itself apparently conducted all of its business with the bondholders and, according to its petition for satisfaction of the mortgage, it purchased all of the outstanding bonds.

In its complaint plaintiff avers not only that the indebtedness is paid but that after diligent search it was unable to find that the Farmers Loan and Trust Company, trustee for the bondholders, remained in existence. Subsequently, however, it was found that the trustee's corporate name had been changed to City Bank Farmers Trust Company, and notice of this proceeding was then given the bank. The trustee then filed an answer to the effect that it has no knowledge with respect to the averment that plaintiff retired all the outstanding bonds. Further answer is made that the bonds were never presented to the trustee for cancellation in accordance with the terms of the mortgage. Proof that the indebtedness has been paid is demanded in order that the liability and responsibility of defendant may be determined as fully discharged. Compensation yet due the trustee is demanded as well as counsel fees made necessary by these proceedings.

It is contended by plaintiff that inasmuch as it paid all of the bondholders the trustee has no function to perform; that the recorded mortgage is a nullity and is, in effect, only an unwarranted and improper cloud on plaintiff's property originally pledged. It is true that if plaintiff has paid the bond indebtedness in full, on proof of this fact its mortgage should be satisfied of record. This right, however, is subject to the payment of any just charges due and unpaid the trustee. When plaintiff engaged the services of this trustee it

did so with the full knowledge that the trustee took upon itself certain duties and responsibilities for which payment must be made. It should have secured the proper satisfaction of the mortgage by surrender and cancellation of the bonds in accordance with the trust agreement. The corporate name of the trustee was changed in 1929, but if these bonds were purchased subsequent to that time the name of the trustee could readily have been ascertained through the banking department of the State of New York.

The contract of trusteeship provides that the trustee may enter into any litigation which appears to be necessary in the interest of bondholders, and even were that provision not contained in the contract we would consider this trustee derelict in its duty if it were to accept without question a mortgagor's statement that it had paid a debt of $100,000 in any manner contrary to the provisions of the written agreement.

It will be necessary that a hearing be had in order that an order of court may be made directing the cancellation or destruction of the outstanding bonds as well as the entry of satisfaction on the mortgage record. Proof of payment of all the bonds will be required for this purpose. Testimony must also be taken to determine what if any fees are yet due the trustee and what will constitute reasonable attorney's fees made necessary by plaintiff's attempted short cut of the procedure outlined in its agreement with defendant trustee.

The preliminary objections must be overruled, and unless what would appear to be a simpler procedure under the terms of the mortgage contract is followed, a hearing for the purposes outlined herein will be fixed at the request of counsel for either party.

And now, to wit, April 6, 1950, the preliminary objections to defendant's answer, filed November 16, 1949, are overruled; plaintiff may plead over within 15 days.